U.S. Bank N.A. v Ecker (2025 NY Slip Op 02516)

U.S. Bank N.A. v Ecker

2025 NY Slip Op 02516

Decided on April 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., MONTOUR, GREENWOOD, NOWAK, AND KEANE, JJ.

801 CA 23-01212

[*1]U.S. BANK NATIONAL ASSOCIATION, AS INDENTURE TRUSTEE FOR CIM TRUST 2016-4, MORTGAGE-BACKED NOTES, SERIES 2016-4, PLAINTIFF-RESPONDENT,
v
PATRICK M. ECKER, DEFENDANT-APPELLANT, ROSE I. ECKER, ALSO KNOWN AS ROSE E. ECKER, ET AL., DEFENDANTS. (APPEAL NO. 1.) 

LEGAL ASSISTANCE OF WESTERN NEW YORK, INC., JAMESTOWN (RICK GOODELL OF COUNSEL), FOR DEFENDANT-APPELLANT. 
MCCALLA RAYMER LEIBERT PIERCE, LLC, NEW YORK CITY (HAROLD L. KOFMAN OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

 Appeal from an order of the Supreme Court, Chautauqua County (Grace Marie Hanlon, J.), entered June 14, 2023. The order denied the cross-motion of defendant Patrick M. Ecker seeking, inter alia, a determination that plaintiff failed to negotiate in good faith in violation of CPLR 3408 (f). 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting those parts of the cross-motion seeking a determination that plaintiff failed to negotiate in good faith in violation of CPLR 3408 (f) during the period from November 14, 2019 to November 23, 2021 and seeking the tolling of the interest, costs, and fees that accumulated during that period, and as modified the order is affirmed without costs and the matter is remitted to Supreme Court, Chautauqua County, for further proceedings in accordance with the following memorandum: In this residential mortgage foreclosure action, in appeal No. 1, Patrick M. Ecker (defendant) appeals from an order denying his cross-motion seeking, inter alia, a determination that plaintiff failed to negotiate in good faith in violation of CPLR 3408 (f) and an order tolling the interest, costs and fees that accumulated during the time during which plaintiff failed to negotiate in good faith. In appeal No. 2, defendant appeals from an order granting plaintiff's motion to discontinue the action.
In February 2006, defendant and defendant Rose I. Ecker, also known as Rose E. Ecker (collectively, Ecker defendants) executed a promissory note secured by a mortgage against their residential property. In June 2018, the Ecker defendants defaulted in payment on the note, and in February 2019, plaintiff commenced this action to foreclose the mortgage.
From May 2019 until November 2022, over a span of almost 3½ years, the Ecker defendants and plaintiff participated in 17 Foreclosure Settlement Conferences (FSCs). The initial FSC took place in May 2019. On October 16, 2019, Supreme Court confirmed that all supporting paperwork from defendant had been supplied in support of his loss mitigation (LM) application. At the FSC on September 15, 2021, plaintiff advised the court that a decision had not been reached on defendant's LM application because of the COVID-19 related moratoriums, and plaintiff stated that defendant was to submit a new LM application because the original application had expired.
At the outset, we dismiss the appeal from the order in appeal No. 2 as abandoned inasmuch as defendant has not raised any contentions with respect to that order (see Golf Glen [*2]Plaza Niles, Il. L.P. v Amcoid USA, LLC, 160 AD3d 1375, 1376 [4th Dept 2018]).
In appeal No. 1, defendant contends the court erred in denying those parts of the cross-motion seeking a determination that plaintiff failed to negotiate in good faith and seeking interest, costs and fees that accumulated after plaintiff breached its statutory duty to negotiate in good faith. We agree with defendant.
CPLR 3408 provides for mandatory settlement conferences in certain residential foreclosure actions and requires that "[b]oth the plaintiff and defendant shall negotiate in good faith to reach a mutually agreeable resolution, including a loan modification, if possible" (CPLR 3408 [f]; see Wells Fargo Bank, N.A. v Meyers, 108 AD3d 9, 11 [2d Dept 2013]).
" 'The purpose of the good faith requirement [in CPLR 3408] is to ensure that both plaintiff and defendant are prepared to participate in a meaningful effort at the settlement conference to reach resolution' " (US Bank N.A. v Sarmiento, 121 AD3d 187, 200 [2d Dept 2014]). To determine whether a party failed to negotiate in good faith pursuant to CPLR 3408 (f), a court must "consider[ ] whether the totality of the circumstances demonstrates that the party's conduct did not constitute a meaningful effort at reaching a resolution" (id. at 203). During settlement conferences held pursuant to CPLR 3408, "[t]he court shall ensure that each party fulfills its obligation to negotiate in good faith and shall see that conferences not be unduly delayed or subject to willful dilatory tactics so that the rights of both parties may be adjudicated in a timely manner" (22 NYCRR 202.12-a [c] [4]). Regulations provide that, "within 30 days of receiving [a] complete loss mitigation application, a [loan] servicer shall: (i) [e]valuate the borrower for all loss mitigation options available to the borrower; (ii) [r]eview any initial determination to deny a loss mitigation option. Such a review shall be performed by supervisory personnel who were not involved in making the initial determination; and (iii) [i]f the servicer denies the borrower's loss mitigation application, the servicer shall, upon the borrower's request, provide to the borrower the result of any evaluation of the net present value of a loss mitigation option if the servicer performed such an evaluation" (3 NYCRR 419.7 [e] [1]).
Here, we conclude that the totality of the circumstances demonstrates that plaintiff failed to negotiate in good faith. In its brief, plaintiff concedes that defendant submitted a complete LM application by October 15, 2019, which means that the deadline for plaintiff to complete its evaluation of the application was no later than November 14, 2019 (see 3 NYCRR 419.7 [e] [1]). During FSCs that took place on November, 20, 2019, December 18, 2019 and January 15, 2020, however, plaintiff offered no information on the status of its review despite repeated requests for a response to the application. Thus, when the FSCs were postponed due to COVID-19 in March 2020, plaintiff had already failed to meet the 30-day deadline for evaluating the LM application. Further, there is no evidence in the record supporting plaintiff's argument that the COVID-19 pandemic prevented it from complying with the requirement to evaluate the application within 30 days.
When FSCs resumed in September 2021, plaintiff still had not made a decision on defendant's LM application and, in lieu of an update, plaintiff required that defendant submit a new application. On November 23, 2021 plaintiff provided defendant with a new LM application packet. We conclude that none of plaintiff's subsequent actions cure plaintiff's failure to negotiate in good faith. Pursuant to CPLR 3408, a "court shall, at a minimum, toll the accumulation and collection of interest, costs, and fees during any undue delay caused by the plaintiff" (CPLR 3408 [j] [emphasis added]; see generally U.S. Bank, N.A. v Smith, 123 AD3d 914, 917 [2d Dept 2014]). Here, we conclude that plaintiff caused an undue delay from November 14, 2019, the deadline for plaintiff to complete its review of the complete LM application submitted by defendant on October 15, 2019, until November 23, 2021, the date on which plaintiff provided defendant with a new LM application package.
We therefore modify the order in appeal No. 1 by granting those parts of defendant's cross-motion seeking a determination that plaintiff failed to negotiate in good faith during the period from November 14, 2019 to November 23, 2021, and seeking the tolling of interest, costs, and fees that accumulated during that period, and we remit the matter to Supreme Court for calculation of the accumulated interest, costs, and fees during the period from November 14, 2019 to November 23, 2021.
We have reviewed defendant's remaining contention and conclude that it is without merit.
Entered: April 25, 2025
Ann Dillon Flynn
Clerk of the Court